UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-PO-61 |
| | ) | |
| SCOTT WEST, | ) | (SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Defendant's Request for Discovery [Doc. 4] and Description of Discovery Received in Response to Defendant's Request for Discovery [Doc. 7]. Pursuant to Federal Rule of Criminal Procedure 16, the Defendant asks the Court to order the Government to provide fourteen categories of information related to the calibration, maintenance, and operation of a EC/IR II machine, serial number 008273, that was used to test his blood alcohol content on January 1, 2012. He contends that he needs this information to challenge the accuracy and reliability of the EC/IR II and to cross examine the Government's expert, Special Agent Dave Ferguson of the Tennessee Bureau of Investigation (TBI). The Government responds [Doc. 5] that it has already provided some of the requested information and that the Defendant has not shown that he is entitled to the remainder.

The parties appeared before the undersigned for a hearing on this discovery matter on November 28, 2012. Assistant United States Attorney Melissa M. Kirby appeared on behalf of the Government. Attorney James A.H. Bell represented the Defendant. The parties provided

argument and explanation of the information requested. The Government stated that it had provided to the Defendant the entire universe of documents that it intended to use in its case-in-chief, along with much additional information that was requested but that it did not intend to use. AUSA Kirby stated that while she had disclosed a summary of Agent Ferguson's expert testimony, this did not include Agent Ferguson's testimony regarding how the EC/IR II involved in this case was accurate and reliable. She stated that she would provide a summary of this testimony to the Defendant by the following day. She also stated that the only undisclosed information from Agent Ferguson's file on this specific EC/IR II were his personal notes. She stated that she would review these notes and determine if they should be disclosed to the Defendant. Defense counsel accepted the Government's representation that it had provided everything it had on the EC/IR II, with the exception of Agent Ferguson's notes. Attorney Bell argued that the Defendant was entitled to discover those notes if Agent Ferguson was relying on them to support his testimony.

With regard to the IntoxNet data requested by the Defendant, the Government argued that this was actually a communications software used to download testing data and to reprogram the machine. She stated that the IntoxNet data is "highly proprietary" and that the Defendant had not shown that it was relevant or material to this case. AUSA Kirby also stated that she thought this information was not in the Government's custody or control. Mr. Bell argued that according to the Defendant's expert Mary Catherine McMurray, the IntoxNet data contained the operational history of the machine. The Court noted that this data was potentially relevant if Agent Ferguson had access to it, if he used it, and if it relates to the reliability and accuracy of this specific EC/IR II. AUSA Kirby agreed to look into whether Agent Ferguson has access to this data.

Based upon the representations of the parties at the hearing, the Court finds that the

Government has either already disclosed or does not have within its custody or control the information requested by the Defendant, with the possible exception of (1) Agent Ferguson's personal notes and (2) the IntoxNet data. With regard to these two items, the Government has agreed to review the information within its custody and control and to determine whether the information should be disclosed. The Government has also agreed to provide the Defendant with a summary of Agent Ferguson's testimony on his determination of the accuracy and reliability of the EC/IR II, serial number 008273. Accordingly, the Defendant's motions [**Docs. 4 & 7**] requesting the Court to order discovery are **DENIED** at this time.

    **IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge